*915 OPINION.
Milliken:
The only issue presented by this proceeding, is whether the petitioner filed a false and fraudulent return with intent to evade tax for the calendar years 1920 and 1921. The tax proper is admitted. The respondent has determined the deficiencies, attributing one-half the income to the husband and one-half to the wife, with fraud penalties against each.
We are of the opinion that petitioner did not file his returns for the years 1920 and 1921 with intent to evade the payment of the proper tax due and owing. During these years he was, had for two prior years been, and still is suffering from a serious illness. During 1920 and 1921, he was able to give only scant attention to his business affairs. During the serious illness of petitioner, his wife, without knowledge of the value of his records, caused them to be destroyed. From the destroyed records, the income could have been satisfactorily determined. Collections made in 1920 and 1921 from installment notes, representing sales made in prior years, have been included in income for 1920 and 1921, but which petitioner is unable to refute, due to loss of records. When the respondent began his investigation of the returns filed the petitioner engaged the services of a certified public accountant to assist, and from the report made by such accountant the deficiencies have been largely determined.
Petitioner may have been negligent in not filing amended returns before the Government caused an investigation to be made that would have shown his true income for the years in question. Due *916 to his physical condition during those years, we do not think this negligence on his part is sufficient warrant for the imposition of the fraud penalty pursuant to the provisions of section 250(b) of the Revenue Acts of 1918 and 1921. The respondent was in error in seeking to impose the same.
Judgment will be entered on 15 days’ notice, wider Rule 50.
Considered by Phillips, Marquette, and Van FossaN.